UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AIR CRASH NEAR CLARENCE CENTER, NEW YORK, ON FEBRUARY 12, 2009. | **DECISION AND ORDER** 09-md-2085 |
| | This document relates to: 09-CV-294S 09-CV-378S 09-CV-379S 09-CV-440S 09-CV-514S |

## I. INTRODUCTION

On February 12, 2009, while on final approach to the Buffalo Niagara International Airport, Continental Connection Flight 3407 crashed into a house in Clarence Center, N.Y., killing all 45 passengers, the four-person crew, and one person in the house. By order entered October 6, 2009, the United States Judicial Panel on Multidistrict Litigation transferred all then-pending actions concerning the crash of Flight 3407 to this Court for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407. In Re Air Crash Near Clarence Ctr., N.Y., on Feb. 12, 2009, 655 F. Supp. 2d 1355, 1356 (J.P.M.L. 2009). Subsequently-filed actions have also been transferred here.

Presently before this Court is the motion for partial summary judgment brought by Defendants Colgan Air Inc. and Pinnacle Airlines Corp., in which Defendant Continental Airlines, Inc. joins, for partial summary judgment dismissing Plaintiffs' claims for certain non-pecuniary damages. (Docket No. 788.[1]) This Court has reviewed and considered the

---

[1] All docket references are to the multidistrict docket, 09-md-2085S, unless otherwise noted. Defendants' motion appears at Docket No. 788 on this docket; No. 196 in 09-CV-294 (Neill); No. 195 in 09-CV-378, 379 (Davidson); No. 215 in 09-CV-440 (Perry); and No. 194 in 09-CV-514 (Beutel).

parties' motion papers and finds oral argument to be unnecessary. For the reasons discussed below, Defendants' motion is granted.

## II. DISCUSSION

Partial summary judgment may be granted on a claim or defense, or part thereof, "only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010). A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Kaytor, 609 F.3d at 545 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2003) (*quoting* Anderson, 477 U.S. at 248), *cert denied*, 540 U.S. 811 (2003). A court must also "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).

Defendants contend that they are entitled to partial summary judgment on the issue of non-pecuniary damages because New York law prohibits recovery for damages such as grief, loss of society and loss of consortium in wrongful death actions. (Defs' Mem of Law at 3-4.) Plaintiffs do not dispute that New York law applies, or that New York Estates, Powers and Trusts Law ("EPTL") § 5-4.3(a), as currently enacted, limits their recovery to pecuniary damages. (Pls' Mem in Opp'n at 3, Docket No. 823.) They instead argue that

Defendants' motion should be denied as premature because there is currently legislation pending in the New York State legislature that would broaden the scope of recovery to include compensation for non-pecuniary damages such as grief, anguish, and loss of consortium. (Id. at 3-5.)

New York's EPTL limits damages in wrongful death actions to "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought." EPTL § 5-4.3(a); see Milczarski v. Walaszek, 108 A.D.3d 1190, 969 N.Y.S.2d 685 (N.Y.A.D. 4th Dep't 2013). "[T]he statutory word pecuniary was used in distinction to those injuries to the affections and sentiments which arise from the death of relatives, and which, though most painful and grievous to be borne, cannot be measured or recompensed by money." Gonzalez v. N.Y.C. Hous. Auth., 77 N.Y.2d 663, 667, 572 N.E.2d 598 (1991) (internal quotation marks and emphasis removed). "While other States now permit recovery for loss of society, New York since its first wrongful death statute has steadfastly restricted recovery to pecuniary injuries, or injuries measurable by money, and denied recovery for grief, loss of society, affection, conjugal fellowship and consortium." Id. at 667-8 (internal quotation marks and citation removed).  Instead, "[l]oss of support, voluntary assistance and possible inheritance, as well as medical and funeral expenses incidental to death, are injuries for which damages may be recovered." Id. at 668 (citing Parilis v. Feinstein, 49 N.Y.2d 984, 985, 406 N.E.2d 1059, 1060 (1980)).

Plaintiffs correctly assert that bills have been introduced in both the New York Senate and Assembly to amend EPTL§ 5-4.3(a) to allow damages in wrongful death actions for the emotional suffering of a decedent's survivors.  N.Y. Senate Bill 551-2013;

N.Y. Assembly Bill No. 1001-2013.[2]  The proposed amendment, if enacted, would immediately apply to "all *trials* commenced on or after [the] effective date." N.Y. Senate Bill 551-2013 (emphasis added); N.Y. Assembly Bill No. 1001-2013.  In light of this possible change in the law to their benefit, Plaintiffs' refusal to stipulate to the dismissal of claims for non-pecuniary damages is appropriate. See VanWormer v. Gruppo Rizzi 1857 s.r.l., No. 5:03-CV-11231, 2007 WL 2091224, *5 (N.D.N.Y. July 20, 2007) (consent or waiver of opposition to dismissal of claim precludes Rule 60(b) motion for reconsideration based on change in law) (citing United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994)).

Nonetheless, the law as currently enacted unquestionably precludes recovery of non-pecuniary damages for wrongful death claims. EPTL § 5-4.3(a); Gonzalez, 77 N.Y.2d at 667-8; see generally Ruiz v. N.Y.C. Health & Hosps. Corp., 165 A.D.2d 75, 80, 566 N.Y.S.2d 217, 220 (N.Y.A.D. 1st Dep't 1991) (a claim for a decedent's conscious pain and suffering prior to death is distinct and separate from an action for wrongful death). There is no indication that there will be any immediate action on the bills proposing the amendment, which are currently before the judiciary committees of the Senate and Assembly.  Indeed, as Defendants note, identical bills to amend this section of the EPTL have been introduced regularly over the last fifteen years without fruition.[3] Defendants are therefore entitled to partial summary judgment on this issue.  In the event the New York

---

[2]At the time the motion was briefed, prior, but identical, versions of these bills were before the legislative judiciary committees.  N.Y. Senate Bill 2540-2011; N.Y. Assembly Bill 4851-2011; see Krzak Aff. Exs. A, B, Docket No. 823.

[3]These bills include those introduced in 2011 (S ), 2009 (S2391, A2872), 2007 (S1266, A6420), 2005 (S54, A5856), 2003 (S2994, A6637), 2001 (S793, A7789), and 1999 (S5487, A8013).

State Legislature makes a timely change to the applicable law, an appropriate motion from Plaintiffs will be considered.

### III. CONCLUSION

Defendants are entitled to partial summary judgment dismissing Plaintiffs' non-pecuniary damages claims associated with the wrongful deaths of their decedents. Defendants' motion is therefore granted.

### IV. ORDERS

IT HEREBY IS ORDERED that Defendants' motion for partial summary judgment (MDL 09-md-2085 Docket No. 788) is GRANTED.

SO ORDERED.

Dated: November 3, 2013
       Buffalo, New York

                                                          /s/William M. Skretny
                                                      WILLIAM M. SKRETNY
                                                             Chief Judge
                                       United States District Court